UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-61341-CV-COHN

CREATIVE DESPERATION INC.
f/k/a PETER LETTERESE & ASSOCIATES          Magistrate Judge Seltzer

      Petitioner,

vs.

HONORABLE JUDGE JOHN K. OLSEN,
ARIEL RODRIGUEZ AS ASSISTANT UNITED STATES TRUSTEE,
and CHURCH OF SCIENTOLOGY INTERNATIONAL,

      Respondents.
_____/

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion for Temporary Restraining Order or for Stay of Bankruptcy Proceedings for Due Process Violations [DE 2].  The Court has carefully considered the motion, memorandum [DE 3], and underlying Petition for Declaratory Relief [DE 1], and is otherwise fully advised in the premises.

Petitioner seeks an injunction or stay from this Court to stop an August 27, 2008 hearing scheduled in United States Bankruptcy Court on a motion to convert Petitioner's bankruptcy action from Chapter 11 to Chapter 7.  Petitioner alleges that the bankruptcy court and U.S. Trustee are denying it due process rights to have counsel present on its behalf to benefit a single creditor who is a defendant in lawsuits filed by Petitioner.  Petitioner alleges that it will lose control over these lawsuits, which are the sole assets of Petitioner.  Petitioner seeks only declaratory and injunctive relief.

This Court has an obligation to first determine whether it has subject matter jurisdiction to hear a case.  Petitioner's purported basis for federal jurisdiction is alleged

to be the Declaratory Judgment Act, 28 U.S.C. § 2201.  However, as Petitioner is clearly seeking District Court intervention into an ongoing United States Bankruptcy Court action, jurisdiction is governed by 28 U.S.C. § 158(a).  In particular, § 158(a)(3) allows a District Court leave to hear an appeal of an interlocutory order of a bankruptcy court.  However, this discretion granted to the District Court must be exercised pursuant to the standards followed by appellate courts under 28 U.S.C. § 1292(b).  In Re Charter Co., 778 F.2d 617, 620 n.5 (11th Cir. 1985).  In order to obtain leave to proceed under § 1292(b), a party must demonstrate that: (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation.

Petitioner has made no showing of any of these elements to allow for immediate interlocutory review.  Moreover, Petitioner at this moment is seeking to enjoin only a hearing, and not even a ruling on the motion to convert.  In a similar case in the District of Maryland, a District Court found that an attempt to appeal a denial of a motion to continue a hearing on a motion to convert from Chapter 11 to Chapter 7, and an appeal of the ruling granting a motion to convert, were both *not* appropriate for interlocutory review.  In re Fraidin, 188 B.R. 529, 531-32 (D. Md. 1995).  In the present case, we have only an attempt to stay a hearing on a motion to convert.

The Court concludes that it lacks subject matter jurisdiction to grant the relief sought in the motion, which is in reality an attempt to seek interlocutory review of an ongoing bankruptcy proceeding.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Temporary Restraining Order or for Stay of Bankruptcy Proceedings for Due Process Violations [DE 2] is hereby **DENIED**.

It is **FURTHER ORDERED AND ADJUDGED** that Petitioner shall show cause by September 8, 2008, why this case should not be dismissed in its entirety for lack of subject matter jurisdiction.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of August, 2008.

JAMES I. COHN
United States District Judge

Copies furnished to:

Charles Franken, Esq.