UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-61341-CV-COHN

CREATIVE DESPERATION INC.
f/k/a PETER LETTERESE & ASSOCIATES                  Magistrate Judge Seltzer

      Petitioner,

vs.

HONORABLE JUDGE JOHN K. OLSEN,
ARIEL RODRIGUEZ AS ASSISTANT UNITED STATES TRUSTEE,
and CHURCH OF SCIENTOLOGY INTERNATIONAL,

      Respondents.

_____/

## ORDER DENYING MOTION FOR REHEARING
## ORDER STAYING CASE PURSUANT TO 11 U.S.C. § 362

_____

      THIS CAUSE is before the Court upon Petitioner's Motion (and Memorandum) for

Rehearing on Petitioner's Motion for Temporary Restraining Order or for Stay of

Bankruptcy Proceedings for Due Process Violations [DE 6] and Supplement thereto [DE

8], and the Trustee's Notice of Filing of Order Enforcing Automatic Stay [DE 10].  The

Court has carefully considered the motion/memorandum, the Amended Complaint [DE 7],

and is otherwise fully advised in the premises.

      Petitioner seeks an injunction or stay from this Court to stop certain bankruptcy

proceedings and for the Court to adjudicate "its fundamental rights of due process to be

heard, to have counsel appointed" in a bankruptcy proceeding.  Petitioner's

Memorandum of Law for Rehearing at p. 3 [DE 6].  On August 22, 2008, this Court

denied Petitioner's motion for temporary restraining order to stop an August 27, 2008

hearing scheduled in United States Bankruptcy Court on a motion to convert Petitioner's

bankruptcy action from Chapter 11 to Chapter 7.  Petitioner had alleged in its initial motion that the bankruptcy court and U.S. Trustee are denying it due process rights to have counsel present on its behalf to benefit a single creditor who is a defendant in lawsuits filed by Petitioner.  Petitioner alleges that it will lose control over these lawsuits, which are the sole assets of Petitioner.  Petitioner seeks only declaratory and injunctive relief.

This Court denied the motion on the grounds that it lacked subject matter jurisdiction to grant the relief sought in the motion.  The Court stated that this petition was "in reality an attempt to seek interlocutory review of an ongoing bankruptcy proceeding."  Order Denying Motion for Temporary Restraining Order at p. 2 [DE 5].  The Court concluded that because Petitioner is seeking District Court intervention into an ongoing United States Bankruptcy Court action, jurisdiction is governed by 28 U.S.C. § 158(a).  Although § 158(a)(3) allows a District Court leave to hear an appeal of an interlocutory order of a bankruptcy court, this Court concluded that Petitioner had not met the standards followed by appellate courts under 28 U.S.C. § 1292(b).[1]  In Re Charter Co., 778 F.2d 617, 620 n.5 (11th Cir. 1985).

In its present motion, Petitioner now focuses on alleged violations by the Bankruptcy Court and the United States Trustee of his fundamental procedural and substantive due process rights.  Petitioner's Amended Complaint contains claims for a

---

[1]  In order to obtain leave to proceed under § 1292(b), a party must demonstrate that: (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation.

declaratory judgment for various failures by the Bankruptcy Court and Trustee to follow proper bankruptcy procedures, for an injunction to stop these alleged violations, and for "civil rights violations."[2]  Again, regardless of the label put forth by Petitioner, this Court concludes that Petitioner is attempted to appeal procedural and substantive rulings by the Bankruptcy Court.

Moreover, now that an order enforcing the automatic stay has been entered by the Bankruptcy Court, this Court must initially follow that determination pursuant to 11 U.S.C. § 362 and stay this action.  Petitioner presumably has a right under the statutory scheme to appeal the November 13, 2008 Order by the bankruptcy court enforcing the automatic stay.  The undersigned is not part of the Southern District of Florida's limited pool of Judges who are randomly assigned bankruptcy appeals.[3]

The Court concludes that the instant action be stayed pursuant to the automatic stay.  In addition, the Court believes that the present action must be stayed until Petitioner raises its claims in a properly filed appeal of the Bankruptcy's Court rulings to ensure proper subject matter jurisdiction (which may or may not exist at this time).

---

[2]  Although Petitioner mentions "28 U.S.C. 1983" in the preamble of his Amended Complaint, as Judge Olson and the U.S. Trustee are federal officials, Plaintiff cannot bring claims under 42 U.S.C. § 1983 against federal actors.  In order to state a civil rights claim under § 1983, a plaintiff must show that: 1) a party deprived him of a right secured by the constitution and the laws of the United States; and 2) Plaintiff must establish that Defendant acted "under color of any statute ordinance, regulation, custom or usage of any state."  Gilbert v. Sears, Roebuck and Company, 899 F.Supp. 597, 599 (M.D. Fla. 1995); Jackson v. Metropolitan Edison Co., 419 U.S. 345, 357-58 (1974).   The federal equivalent to a § 1983 claim is a "Bivens" action.

[3]  It would appear that allowing this case to proceed at this time (assuming the automatic stay did not apply) would result in an "end-around" of the bankruptcy assignment policy of the Southern District of Florida.

3

Finally, the resolution of such an appeal could render the present action moot.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Petitioner's Motion (and Memorandum) for Rehearing on Petitioner's Motion for Temporary Restraining Order or for Stay of Bankruptcy Proceedings for Due Process Violations [DE 6] and Supplement thereto [DE 8] are hereby **DENIED**;

2.      The above-styled cause is hereby **STAYED** pursuant to Section 362 of the United States Bankruptcy Code, 11 U.S.C. § 362;

3.      The Clerk shall close this case for administrative purposes;

4.      Petitioner may move to reopen the case upon conclusion of appeals of the bankruptcy process if the claims are not moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of November, 2008.

JAMES I. COHN
United States District Judge

Copies furnished to:

Charles Franken, Esq.

courtesy copy to:

United States Trustee's Office

Judge John Olson

4